# EXHIBIT A

FILED
18 FEB 13 PM 2:11

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-04097-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ARCH INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS INDEMNITY COMPANY, a Connecticut corporation; TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation; TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut corporation; PHOENIX INSURANCE COMPANY, a Connecticut corporation; AMERICAN STATES INSURANCE COMPANY, an Indiana corporation; AMERICAN FIRE AND CASUALTY COMPANY, a New Hampshire corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR EQUITABLE CONTRIBUTION |

Plaintiff Arch Insurance Company (Arch), for its Complaint for Equitable Contribution against Defendants Travelers Indemnity Company, Travelers Indemnity Company of Connecticut, Travelers Casualty Insurance Company of America, Phoenix Insurance Company, American States Insurance Company, American Fire and Casualty Company, and Liberty Mutual Insurance Company, alleges:

I.  **UNDERLYING ACTION AND TENDERS**

1.  In this action for equitable contribution, Arch seeks payment from each of the Defendants for their respective equitable portion of defense fees and costs incurred and paid by Arch in defense of the mutual insured, Graham Contracting, Ltd. (Graham) in a lawsuit filed by

Page 1 -   COMPLAINT FOR EQUITABLE CONTRIBUTION

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

1. 6th and Denny, LLC against Graham in the King County Superior Court under case number 14-2-12793-6 SEA, relating to alleged construction defects and property damage at the Hyatt Place Hotel and Apartments in Seattle, Washington (Underlying Action).

2. Graham tendered the Underlying Action to Arch and Arch agreed to defend Graham under a full reservation of its rights and subject to the terms and conditions of the policy Arch issued to Graham.

3. Upon information and belief, Arch alleges that each of the Defendants named in this action issued one or more policies of insurance to one or more of Graham's subcontractors, which covered Graham as an insured or additional insured.

4. Graham tendered the Underlying Action to each of the Defendants named in this action, as an insured or an additional insured under each of the Defendants' respective policies on insurance.

5. Arch has provided Graham with a defense in the Underlying Action, with minimal, if any, contribution from Defendants, each of whom, upon information and belief, disputes that a defense is owed to Graham or has failed to make any or full payment on an acknowledged defense obligation.

6. To date, in excess of $599,000 has been incurred in the defense of Graham in the Underlying Action, of which Arch has paid more than its appropriate share in the defense of Graham in the Underlying Action.

7. Arch has incurred attorney fees, costs, and other related defense expenses that should have been paid by the Defendants and each of them. Each Defendant has a duty to defend Graham and pay its share of the costs that Arch has incurred and will continue to incur on behalf of Graham in connection with the Underlying Action.

## II. PARTIES

8. Travelers Indemnity Company, Travelers Indemnity Company of Connecticut, and Travelers Casualty Insurance Company of America (collectively, Travelers), which are

Page 2 -   COMPLAINT FOR EQUITABLE CONTRIBUTION

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON  97209-1302
(503) 224-0055 · FAX (503) 222-5290

Connecticut corporations, were and are at all times relevant hereto, authorized to sell insurance or conduct business in the state of Washington.

9. Phoenix Insurance Company, a Connecticut corporation (Phoenix), at all times relevant hereto, was and is authorized to sell insurance or conduct business in the state of Washington.

10. American Fire and Casualty Company, a New Hampshire corporation, and Liberty Mutual Insurance Company, a Massachusetts corporation (collectively, Liberty), at all times relevant hereto, were and are authorized to sell insurance or conduct business in the state of Washington.

11. American States Insurance Company, an Indiana corporation (American States), at all times relevant hereto, was and is authorized to sell insurance or conduct business in the state of Washington.

## III. INSURANCE POLICIES

12. On information and belief, Travelers issued policies of commercial general liability insurance to Eco Windows LLC (Eco), including, but not limited to Policy No. 680 8B430894-12 (effective 5/10/12 – 5/10/13), and Policy No. 680 8B430894-13 (effective 5/10/13 – 5/10/14), under which Graham is an insured or an additional insured (Travelers' Eco Policies).

13. Phoenix and Travelers issued a policy of commercial general liability insurance to S.M.E, Inc. of Seattle (SME), including, but not limited to Policy No. CO-562D960A (effective 10/9/11 – 10/9/14) (Travelers' SME Policy).

14. On information and belief, Liberty issued a policy of commercial general liability insurance to SME, including, but not limited to Policy No. BKA56357202 (effective 10/9/14 – 10/9/15) under which Graham is an insured or an additional insured (Liberty's SME Policy).

15. On information and belief, American States Insurance Company, an Indiana corporation, and Liberty Mutual Insurance Company, a Massachusetts corporation (collectively,

Page 3 -   COMPLAINT FOR EQUITABLE CONTRIBUTION

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON  97209-1302
(503) 224-0055 · FAX (503) 222-5290

Liberty/American States), at all times relevant hereto, were and are authorized to sell insurance and/or conduct business in the state of Washington.  American States is a subsidiary of Liberty and was the underwriter for Liberty's policies of commercial general liability insurance issued to N.J. Burns Company, Inc. (NJ Burns) under which Graham is an insured or an additional insured (American States' NJ Burns Policies).  These included, but were not limited to Policy No. 1CG280572-6 (effective 2/1/08 – 2/1/09), Policy No. 1CG280572-7 (effective 2/1/09 – 2/1/10), Policy No. 1CG280572-8 (effective 2/1/10 –2/1/11), Policy No. 1CG280572-9 (effective 2/1/11 – 2/1/12), and Policy No. 1CG280572-10 (effective 2/1/12 – 2/1/13).

## IV. GRAHAM'S DEFENSE AND ALLOCATIONS

16. Graham tendered the Underlying Action to each of the Defendants named in this action, as an insured or an additional insured under each of the Defendants' respective policies on insurance.

    **16.1 TRAVELERS' ECO POLICIES:** Travelers accepted Graham's tender under the Travelers' Eco Policies and agreed to provide a defense and indemnity to Graham in the Underlying Action.  Travelers, under the Travelers' Eco Policies, was allocated an equal share of the defense fees and costs incurred for Graham in the Underlying Action, of which $26,856.08 is unpaid on its allocated share.  However, despite multiple requests and follow-ups, and without any explanation, Travelers suddenly stopped contributing towards Graham's defense fees and costs incurred in the Underlying Action, and refused to make any further payment on its acknowledged defense obligation under the Eco Policies.

    **16.2 TRAVELERS' SME POLICIES AND LIBERTY'S SME POLICIES:** Despite acknowledging that Graham qualifies as an insured or additional insured under its policies of insurance, Liberty, under the Liberty's SME Policies, refused to make any payment toward the defense fees and costs incurred for Graham in the

Page 4 -   COMPLAINT FOR EQUITABLE CONTRIBUTION

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON  97209-1302
(503) 224-0055 · FAX (503) 222-5290

Underlying Action, claiming that its policy was excess insurance not obligated for defense costs.

**16.3** Travelers accepted Graham's tender under the Travelers' SME Policies and agreed to provide a defense and indemnity to Graham in the Underlying Action. Travelers, under the Travelers' SME Policies, was allocated an equal share of the defense fees and costs incurred for Graham in the Underlying Action, of which $26,856.08 is unpaid on its allocated share. However, despite multiple requests and follow- ups, and without any explanation, Travelers suddenly stopped contributing towards Graham's defense fees and costs incurred in the Underlying Action, and refused to make any further payment on its acknowledged defense obligation under the SME Policies.

**16.4 LIBERTY/American States AND LIBERTY'S NJ BURNS POLICIES:** Liberty accepted Graham's tender under the Liberty's NJ Burns Policies and agreed to provide a defense and indemnity to Graham in the Underlying Action. Liberty, under the Liberty's NJ Burns Policies, was allocated an equal share of the defense fees and costs incurred for Graham in the Underlying Action, of which $34,335.13 is unpaid on its allocated share. However, despite multiple requests and follow-ups, and without any explanation, Liberty suddenly stopped contributing toward Graham's defense fees and costs incurred in the Underlying Action, and refused to make any further payment on its acknowledged defense obligation under the NJ Burns Policies.

## V.  CAUSE OF ACTION – EQUITABLE CONTRIBUTION

17.   Arch realleges paragraphs 1-16.

18.   Each of the Defendants had a duty to defend Graham under its policies with respect to the Underlying Action. Under Washington law, an insurer's duty to defend is separate and independent of the duty to indemnify. Under principles of equity consistent with established Washington law, each insurer having a defense obligation has a full and equal duty to pay the

Page 5 -   COMPLAINT FOR EQUITABLE CONTRIBUTION

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON  97209-1302
(503) 224-0055 · FAX (503) 222-5290

costs of defense, irrespective of its time on the risk, its policy limits, or the amount of the damages for which coverage is afforded.  Each of the Defendants is therefore responsible for an equal share of the total defense fees and costs incurred in defending Graham in the Underlying Action.

19. Arch is entitled to equitable contribution from each of the Defendants, in the amount representing each of the Defendants' proportionate share of the defense fees and costs incurred in the dense of Graham in the Underlying Action.

## VI. PRAYER FOR RELIEF

WHEREFORE, Arch prays for relief as follows:

1. For a judgment requiring each of the Defendants to pay the outstanding amounts owed on its equal share of the total defense fees and costs incurred for the defense of Graham in the Underlying Action or such other amount as the Court deems just and equitable;

2. For prejudgment interest at the maximum rate allowed by law; and

3. For such other relief as the Court may deem just and equitable.

DATED this 13th day of February, 2018.

KILMER, VOORHEES & LAURICK, P.C.

   /s/ Christopher T. Carson
Christopher T. Carson, WSBA # 14912
ccarson@kilmerlaw.com
Phone No.: 503-224-0055
Fax No.: 503-222-5290
Attorneys for Plaintiff

I:\10737\0001\Pleadings\Complaint.doc

Page 6 - COMPLAINT FOR EQUITABLE CONTRIBUTION

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON  97209-1302
(503) 224-0055 · FAX (503) 222-5290